JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kathleen Gonzales-Byrd

**(b)** County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq.,
Console Mattiacci Law
1525 Locust Street, 9th Floor, Phila. PA 19102   215-545-7676

## DEFENDANTS

Cotiviti Holdings, Inc. and Cotiviti USA, LLC

County of Residence of First Listed Defendant   Fulton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from Another District *(specify)*

☐ 6   Multidistrict Litigation - Transfer

☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000(e), et seq. ("Title VII")

Brief description of cause:
Plaintiff is alleging sex discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

N/A

*(See instructions):*

JUDGE      DOCKET NUMBER

DATE
11/22/2017

SIGNATURE OF ATTORNEY OF RECORD

Caren N. Gurmankin, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

UNITED STATES DISTRICT COURT                                    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Kathleen Gonzales-Byrd, Downingtown, PA 19335 _____

Address of Defendant: Cotiviti Holdings, Inc., 115 Perimeter Center Place, Suite 700, Atlanta, GA 30346 _____

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?                                    Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                  Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                  Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                  Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Caren N. Gurmankin, Esquire _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: Nov. 22, 2017 _____   205900
                         Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Nov. 22, 2017 _____   205900

                    Caren N. Gurmankin, Esquire

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kathleen Gonzales-Byrd | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| Cotiviti Holdings, Inc., et al. | : | NO. |
| | : | |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

| | | |
|---|---|---|
| Nov. 22, 2017 | | Plaintiff, Kathleen Gonzales-Byrd |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| | | |
| (215) 545-7676 | (215) 565-2853 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KATHLEEN GONZALES-BYRD**<br>Downingtown, PA 19335 | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **COTIVITI HOLDINGS, INC.**<br>**The South Terraces**<br>**115 Perimeter Center Place, Ste 700**<br>**Atlanta, GA 30346** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **and** | : | |
| **COTIVITI USA, LLC**<br>**50 Danbury Road**<br>**Wilton, CT 06897** | : | |
| **Defendants.** | : | |

**COMPLAINT**

I.   **INTRODUCTION**

Plaintiff, Kathleen Gonzales-Byrd, brings this action against her former

employers, Cotiviti Holdings, Inc. and Cotiviti USA, LLC ("Defendants").  Plaintiff,

a high-performing employee and one (1) of Defendants' few high-level female

management-level employees, was fired after she complained about Defendants'

sexist conduct.  After Plaintiff made complaints regarding the sex discriminatory

conduct to which she was being subjected, Defendants gave her a poor

performance review, placed her on a performance improvement plan, and then,

just three (3) weeks later, terminated her employment.  Defendants discriminated

against Plaintiff based on her sex, and retaliated against her based on her

complaints about the same, in violation of Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

## II.   **PARTIES**

1.      Plaintiff, Kathleen Gonzales-Byrd, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff is female.

3.      Defendant Cotiviti Holdings, Inc. is a Delaware corporation with a principal place of business at The South Terraces, 115 Perimeter Center Place, Ste 700, Atlanta, GA 30346.

4.      Defendant Cotiviti USA, LLC is a Delaware corporation with a principal place of business at 50 Danbury Road, Wilton, CT 06897.

5.      According to Defendants' Annual Report, Defendant Cotiviti USA, LLC is a wholly owned operating subsidiary of Defendant Cotiviti Holdings, Inc.

6.      Defendant Cotiviti USA, LLC is the entity that paid Plaintiff during the last approximately two (2) years of her employment.

7.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

8.      At all times material hereto, Plaintiff worked out of Defendants' Conshohocken, PA office located at Spring Mill Corporate Center, 555 E. North Lane, Conshohocken, PA 19428.

9.      At all times material hereto, Defendants employed more than fifteen (15) employees.

10.    At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

11.    At all times material hereto, Defendants acted as employers within the meanings of Title VII and the PHRA.

12.    At all times material hereto, Plaintiff was an employee of Defendants within the meanings of Title VII and the PHRA.

III.    **JURISDICTION AND VENUE**

13.    The causes of action which form the basis of this matter arise under Title VII and the PHRA.

14.    The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

15.    The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

16.    The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

17.    Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

18.     On or about October 19, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge (with personal identifying information redacted).

19.     On or about December 16, 2016, Plaintiff filed a Charge of Discrimination with the EEOC, complaining of acts of discrimination and retaliation alleged herein.  This Charge was cross-filed with the PHRC.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the EEOC Charge (with personal identifying information redacted).

20.     On or about March 1, 2017, Plaintiff filed a Charge of Discrimination with the EEOC, complaining of acts of discrimination and retaliation alleged herein.  This Charge was cross-filed with the PHRC.  Attached hereto, incorporated herein and marked as Exhibit "3" is a true and correct copy of the EEOC Charge (with personal identifying information redacted).

21.     On or about August 30, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue for her Charges.  Attached hereto, incorporated herein and marked as Exhibit "4" is a true and correct copy of the notice (with personal identifying information redacted).

22.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

4

## IV.   **FACTUAL ALLEGATIONS**

23.     Plaintiff was hired by Defendants' in or about October 2014 as Vice President, Audit Operations.  She reported to James West (male), Vice President and General Manager of Operations.  West reported to Ryan Mooney (male), Senior Vice President of Operations.  Mooney reported directly to David Beaulieu (male), Chief Operating Officer, who reported directly to Douglas Williams (male), Chief Executive Officer.

24.     Defendants' demographics evidenced a bias against females.  By way of example only, Plaintiff was the only female of West's direct reports, and one (1) of the few female employees at the top management level of Defendants. Moreover, out of eleven (11) members of Defendants' senior leadership team listed on their 2016 Annual report, only one (1) is female.

25.     At all times material hereto, Plaintiff performed her duties in a highly competent manner.

26.     As set in detail forth below, Defendants engaged in sex discriminatory conduct towards Plaintiff.

27.     After Plaintiff's hire, she was told, separately, by two (2) management-level employees, that she had been hired as "a test" for West, i.e., to assess whether he was capable of working effectively with female professionals.

28.      Plaintiff was also told, after her hire, that her (female) predecessor, had complained that she left her employment with Defendants as a result of West's treatment towards her.

5

29.     West invited his male direct reports and Plaintiff's male direct reports out to after-work dinner meetings to discuss Defendants' business and work-related issues.  West did not invite Plaintiff, his only female direct report, to discuss business or work-related issues at an after-work dinner, or at any time outside of the office.

30.     West criticized Plaintiff for her "tone," including that she was "terse" and "abrasive."  To Plaintiff's knowledge, her male colleagues were not criticized for their "tone," or accused of being "terse" or "abrasive" in their communications.

31.     West undermined Plaintiff's authority, including by assigning one (1) of her of her employees from her group to spend significant time working on a project headed by West's supervisor, without Plaintiff's knowledge.  Plaintiff was told that West instructed that employee not to tell Plaintiff about the assignment.

32.     Plaintiff was told by her colleagues that West checked up on her by asking them whether she had performed assigned tasks in a timely manner.

33.     On or about August 7, 2016, Plaintiff complained, in writing, to Defendants, that she was being discriminated against based on her sex.  Plaintiff included in her written complaint the following:

(a)     "My concern is that I cannot trust that Jim [West] will treat me equally to my male peers";

(b)     "Two female peers have told me that I was brought into the organization (October 2014) as 'a test' for Jim [West] – to assess his ability to work and collaborate effectively with women professionals particularly after the challenging relationship he experienced with my female predecessor"; and,

6

(c)     "Over the past 21 months of employment, Jim [West] has invited my male Directors...to after-work dinner meetings.  Not once has he invited me to dinner.  This is disparate treatment."

34.     In response to Plaintiff's complaint, Defendants retained an outside attorney to investigate her claims of sex discrimination.

35.     On or about October 10, 2016, Plaintiff met with Defendants' retained investigator and Defendants' Human Resources Director regarding their investigation into her complaints of sex discrimination.

36.     In or around October 2016, Defendants informed Plaintiff that their conclusion resulting from their investigation into her complaints of sex discrimination was that West was an "equal opportunity bully," and that she needed to find a way to deal with him, including that she should "communicate better."

37.     Plaintiff filed her first Charge of Discrimination with the EEOC on or about October 19, 2016.  She advised Defendants, including West, of the same on that same day.

38.     After Defendants continued to be subjected to discriminatory and retaliatory conduct, and Defendants failed to remedy and/or correct the same, Plaintiff filed her second Charge of Discrimination with the EEOC on or about December 16, 2016.  She advised Defendants, including West, of the same on that day.

39.     After Plaintiff complained, both internally and via her EEOC Charges, regarding Defendants' sex discriminatory and retaliatory conduct,

Defendants subjected her to further sex discrimination and retaliation.

40.     Plaintiff was excluded from attending Defendants' Quarterly Business Review Meeting, during which members of the senior leadership team review their work, which she had previously regularly attended, and which took place at her office location.  West told Plaintiff that she should not attend as there were "space restraints."  Plaintiff was told, after the meeting, that there was plenty of space for her to attend.

41.     West, repeatedly, harshly and unjustifiably criticized Plaintiff's work, including accusing her of failing to produce work which she had already completed and submitted to him.

42.     West bypassed Plaintiff and went directly to her peers and/or her direct reports to ask questions and to assign tasks regarding projects that were her responsibility.

43.     To Plaintiff's knowledge, West made false derogatory statements about Plaintiff and her performance to Defendants' senior leadership team, including that one (1) of the projects for which she was responsible was "off the rails."

44.     West held Plaintiff to higher standards than his male direct reports.

45.     West ignored Plaintiff's accomplishments and performance while praising that of his male direct reports.

46.     Plaintiff repeatedly complained that Defendants continued to subject her to sex discriminatory conduct, including West holding her and his male direct reports to different standards, and retaliation based on her

8

complaining about the same.

47.     No one at Defendants ever told Plaintiff that they were investigating her complaints, or taking remedial or corrective action regarding the same. Defendants' responses to Plaintiff's repeated complaints of continued discrimination and retaliation involved criticizing Plaintiff when she made her complaints and telling Plaintiff that they would be willing only to meet and discuss with Plaintiff her alleged performance issues.

48.     On or about January 25, 2017, during Plaintiff's performance review meeting, Defendants informed her that they were giving her a "Meets Some" performance rating, and that she would be issued a Performance Improvement Notice ("PIN") (for the first time during her employment).  Defendants failed to include in Plaintiff's 2016 performance review accomplishments that she had achieved over the past year, including, but not limited to, the fact that her group had exceeded its revenue quota for 2016, outperforming her (male) peers in that area.

49.     On or about February 1, 2017, Plaintiff was placed on a PIN (effective January 31, 2017) for (alleged) issues that included the following: Communication and Cooperation/Flexibility/Teamwork.

50.     On or about February 5, 2017, Plaintiff submittted another complaint to Defendants regarding the sex discriminatory and retaliatory conduct to which she had been, and continued to be, subjected.  Plaintiff's complaint included the following:

         (a)     "The only performance documentation I have received from

Jim West occurred after the submission of the EEOC charges of discrimination and retaliation";

(b)    "Jim [West] has intentionally created roadblocks to impede my progress.  Yet, my revenue to budget performance has outperformed my peers and the entire company" and,

(c)    "The CDP review and the resulting PIN are in retaliation of the EEOC charges of discrimination and retaliation I filed on October 20 and December 16, 2016."

51.    Just two (2) days later, Defendants advised Plaintiff that it was in receipt of her complaints and that, "Pursuant with our defined process, we reviewed and were unable to substantiate your claim."

52.    On or about February 21, 2017, just about three (3) weeks after Plaintiff was placed on the PIN, Defendants informed Plaintiff that her employment was terminated.  Plaintiff was told that the reason for the same was that Defendants knew that she was not "happy" and that she was not willing to do what needed to be done to make this situation work.

53.    To the best of Plaintiff's knowledge, Defendants assigned her responsibilities and duties to a male employee.

54.    By way of another example of Defendants' favorable treatment towards male employees, Plaintiff is also aware of a situation in which Defendants eliminated the positions of both a female manager and male manager for similar reasons.  The employment of the female manager was terminated immediately, while the male manager was assigned to work on

special projects that kept him employed for an extended period of time, and, eventually, Defendants found a new role for him.

55.     Plaintiff's sex was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected; Defendants' issuance of a "Meets Some" performance review to Plaintiff; Defendants' placement of Plaintiff on a PIN; and, Defendants' termination of Plaintiff's employment.

56.     Plaintiff's complaining of sex discrimination was a motivating and/or determinative factor in Defendants' retaliatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected; Defendants' issuance of a "Meets Some" performance review to Plaintiff; Defendants' placement of Plaintiff on a PIN; and, Defendants' termination of Plaintiff's employment.

57.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

58.     The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

59.     The discriminatory and retaliatory conduct of Defendants, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a

hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

60.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

61.     Defendants acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## COUNT I - Title VII

62.     Plaintiff incorporates herein by reference paragraphs 1 through 61 above, as if set forth herein in their entirety.

63.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

64.     Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

65.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

66.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

67.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

68.     Plaintiff incorporates herein by reference paragraphs 1 through 67 above, as if set forth herein in their entirety.

69.     Defendants, by the above improper and discriminatory and retaliatory acts, have violated the PHRA.

70.     Said violations were intentional and willful.

71.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

72.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

73.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be

in violation of the PHRA;

(c)   enjoining and permanently restraining the violations alleged herein;

(d)   entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)   awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(f)   awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)   awarding punitive damages to Plaintiff;

(h)   awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

(i)   awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(j)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: November 22, 2017          BY: _____
                                     Stephen G. Console, Esq.
                                     Caren N. Gurmankin, Esq.
                                     1525 Locust St., 9th Floor
                                     Philadelphia, PA 19102
                                     (215) 545-7676

                                     Attorneys for Plaintiff,
                                     Kathleen Gonzales-Byrd

# EXHIBIT 1

RECEIVED
16 OCT 18 PH 5:31
EEOC PHILADELPHIA
DISTRICT OFFICE

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | Q FEPA<br>X EEOC | |
| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission | | | |

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>Kathleen Gonzales-Byrd | | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| STREET ADDRESS ▇▇▇▇▇ | CITY, STATE AND ZIP<br>Downingtown, PA 19335 | DATE OF BIRTH ▇▇▇▇ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one then list below)

| NAME<br>Cotiviti | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(610) 825-7180 |
|---|---|---|
| STREET ADDRESS<br>555 E. North Lane, #6020 | CITY, STATE AND ZIP<br>Conshohocken, PA 19428 | COUNTY<br>Montgomery |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   X Sex   Q Religion   Q National Origin<br>Q Retaliation   Q Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*        *Latest*  10/05/2016 (ongoing) |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent (before its merger and current name) on or about October 20, 2014 as Vice President, Audit Operations. I was hired by and report to Jim West (male), Vice President and General Manager of Operations.

Respondent discriminated against me because of my sex (female) and subjected me to a hostile work environment because of my sex.

I have consistently demonstrated excellent performance and dedication to Respondent. By way of example, my 2016 Revenue Budget Performance exceeded the 2016 budget goals and out-performed my peers. Additionally, in quarter three (3) of 2015, I implemented a new hire training program that received great reviews from entire organizations, the trainees, and my superiors. I have received positive feedback from Senior Vice Presidents and Respondent's CEO.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Date:          Charging Party *(Signature)*<br>*[signature]*  10-18-16 | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |



EEOC Charge of Discrimination
Page 2 of 4
Initials of Charging Party –

RECEIVED
16 OCT 19 PM
EEOC PHILADELPHIA
DISTRICT OFFICE

2.   **Harm Summary**

I have been discriminated against because of my sex (female) and have been subjected to a
hostile work environment because of my sex.  Evidence of the discriminatory conduct to which I
have been subjected includes, but is not limited to, the following:

(a)  Since I have been reporting directly to West, he has treated me in a manner that is
more critical and dismissive than he treats males who report to him.

(b)  On July 20, 2016, during a phone meeting, my colleague Anne Donovan (female)
told me that I was hired as "a test" for West—to assess his ability to work and
collaborate effectively with female professionals, particularly after the challenging
relationship he experienced with my predecessor, Tammie Miller (female).

   a.  I heard that Miller, when asked by West why she was leaving, replied
"because of you."

   b.  I am the only female that reports to West.

(c)  On May 5 and May 12, 2016, West verbally reprimanded me for an email that I sent
to a client on May 5, 2016, claiming that my tone was "terse" and "abrasive."  West
provided no specific reason for why he believed my tone in the client email was terse
and abrasive.

   a.  When I shared the client email with the Human Resources Department, John
Vitale, Teddie Gwynn, and Caitlin Robinson each stated that they saw
nothing that appeared improper or problematic in the client email.

   b.  West specifically stated to me, during two (2) phone conversations following
the client email, that my lack of agreement with his perspective, regarding my
tone, indicated my lack of commitment to respectable client interactions.

   c.  My tone has been neither terse nor abrasive, and West has not, to my
knowledge, criticized males for speaking in a way that is allegedly terse or
abrasive.

(d)  Respondent has engaged in a pattern and practice of discriminating against females
in connection with hiring and promotion decisions.  By way of example:

   a.  In or around June or July of 2015, a female current employee at Respondent,
Susannah Roberts, applied for a Director role.  Despite her more than fifteen
(15) years of relevant experience, she did not receive an interview or any
acknowledgement of her application.  The individual hired was a male from
outside Respondent with less experience than Roberts had.  Roberts was
asked to train this new male hire.  Roberts again applied for a Director
position in the Fall of 2015.  She received an interview, but McLaughlin told
her she would not be selected because West did not believe "she was
ready."  Roberts was again not selected for a Director position.

   b.  One of Respondent's current female Directors, Bronda DiMartino, was put
through an extended process before she was promoted to Director.
Respondent's promotion of current male Director Mike Chan varied greatly
from how Respondent promoted DiMartino.



EEOC Charge of Discrimination
Page 3 of 4
Initials of Charging Party —

   c.  In the Summer of 2015, I was interviewing candidates for a Director position. I interviewed a qualified female candidate, and advanced her to West for another interview. West interviewed the qualified female candidate and told me he did not want to consider her.

   d.  West stated that he "couldn't get past the sound of her voice. It was annoying." West made no comment about her actual qualifications for the Director position.

(e)  West has acted in an abrasive manner toward me, left me out of meetings, criticized my work, and made disparaging comments to me. West has treated male reports in a more preferential manner.

   a.  In quarter two (2) of 2015, two Directors were approved for my Department, to be under my supervision. Without my knowledge, one of the Directors was taken away from my Department and given to my peer, Rick McLaughlin (male). When I questioned Respondent's Human Resources Business Partner, Caitlin Robinson, about one of my direct reports being assigned to McLaughlin, she was surprised that I had received no communication about the change. Robinson stated, "Jim [West] promised me that he would tell you." To this day, West has not provided any communication, written or verbal, to me regarding the reassignment of the Director role approved for my Department.

   b.  In my 2015 Career Development Plan, West rated me below what I should have received. West gave me a "meets some" rating when I performed at a "meets" rating. I proceeded through the formal disagreement process.

   c.  Throughout my employment at Respondent, West has invited my male direct reports, Michael Brown and Jason Fedgchin, Directors of Operations, to after-work dinner meetings. West has never invited me to an after-work dinner meeting.

   d.  West either changes what he expects from me from one meeting to the next, and delays his communications to me, or does not respond to me at all.

   e.  I have learned that West has approached my peers to asked questions about my performance, and whether I have performed timely operational actions.

(f)  On August 7, 2016, I submitted a written internal complaint to John Vitale, Senior Vice President of Human Resources, and Teddie Gwynn, Director of Human Resources, specifically stating that I believe I am being discriminated against because of my sex.

(g)  After my complaint, an internal investigation was conducted by an outside investigator Respondent hired.

(h)  On August 16 and August 18, 2016, I met with the investigator, Andrea Kramer. We met for approximately three (3) hours on each day.

(i)  During our two (2) meetings, I explained to and discussed with Kramer the following: the written internal complaint I made to Vitale and Gwynn on August 7, 2016; information and documentation regarding incidents of sex discrimination I have experienced at Respondent; Respondent's Code of Conduct; and names of other employees for Kramer to interview.



EEOC Charge of Discrimination
Page 4 of 4
Initials of Charging Party —



(j)  On October 5, 2016, I reached out to Kramer for an update on the status of the investigation.  Kramer indicated she had just completed her last interview on October 4, 2016.  Kramer then asked me not to send her additional information or communicate with her but instead to direct my questions to Gwynn.

(k)  On October 5, 2016, West threatened me not to challenge him.  I told West respectfully that I will question concerning actions.  West responded, "That is a problem."

(l)  On October 10, 2016, I met with Kramer and Gwynn to review the outcome of the investigation.

(m)  In the meeting, Kramer referred to West as an "equal opportunity bully," and that she found it clear that West is not liked by many people.

(n)  Kramer and Gwynn told me that my male peers have found a way to deal with West, so I should also find a way to deal with him.  I was instructed to "communicate better."

(o)  Respondent has not taken action to remedy or prevent the hostile work environment to which I have been subjected.

(p)  Respondent has a pattern and practice of subjecting female employees to a hostile work environment and discriminating against female employees because of their sex.

B.   1.   Respondents' Stated Reasons

(a)   Respondent has not offered any explanation for discriminating against me and subjecting me to a hostile work environment because of my sex.

C.   1.   Statutes and Basis for Allegations

I believe that Respondent has discriminated against me and subjected me to a hostile work environment because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"); and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA") as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Kathleen Gonzales-Byrd v. Cotiviti**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act.  Filing your charge with PHRC   protects your state rights, especially since there may be circumstances in which state and federal laws   and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are   unlawful discrimination.  If PHRC determines that your PHRC complaint is untimely, it will be   dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with   your signature under the verification below, will constitute filing with the PHRC.  You have chosen   EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept   EEOC's finding.  If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to   file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,   the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is   required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file   your complaint in state court.  PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

_X_  I want my charge filed with PHRC.  I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint.  I request EEOC to transmit it to PHRC.

_X_  *I understand that false statements in this complaint are made subject to the penalties of 18   Pa. C.S. § 4904, relating to unsworn falsification to authorities.*

                                    X   _____  10-18-16
                                          Signature and Date

_____  I do not want my charge dual filed with PHRC

                                          _____
                                          Signature and Date

# EXHIBIT 2

| **SECOND CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q  FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|

STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>Kathleen Gonzales-Byrd | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Downingtown, PA 19335 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Cotiviti | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(610) 825-7180 |
|---|---|---|

| STREET ADDRESS<br>555 E. North Lane, #6020 | CITY, STATE AND ZIP<br>Conshohocken, PA 19428 | COUNTY<br>Montgomery |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   X Sex   Q Religion   Q National Origin<br>X Retaliation   Q Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*        *Latest*  12/14/2016 (ongoing) |
|---|---|

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondent (before its merger and current name) on or about October 20, 2014 as Vice President, Audit Operations.  I report to Jim West (male), Vice President and General Manager of Operations.

After filing my first EEOC Charge on October 19, 2016, Respondent has retaliated against me because of my complaints about Respondent's sex-based discriminatory conduct.

I have consistently demonstrated excellent performance and dedication to Respondent.  By way of example, my 2016 Revenue Budget Performance exceeded the 2016 budget goals and out-performed my peers.  Additionally, in quarter three (3) of 2015, I implemented a new hire training program that received great reviews from entire organizations, the trainees, and my superiors.  I have received positive feedback from Senior Vice Presidents and Respondent's CEO.

| X I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|

| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date:        Charging Party *(Signature)*<br><br>12-16-16 | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party

2.   Harm Summary

I have been discriminated against because of my sex (female), and have been retaliated against because of my complaints about Respondent's discriminatory conduct. Evidence of the discriminatory and retaliatory conduct to which I have been subjected, in addition to that set forth in my previous Charge, includes, but is not limited to, the following:

(a) Since I filed my first EEOC Charge on October 19, 2016, West has treated me in a more critical and dismissive manner than he treats the non-complaining males who report to him.

    i.  West ignores the work that I submit to him, accuses me of not doing work I have already completed and submitted to him, criticizes my work performance, and provides me with insufficient time to complete the tasks he assigns to me.

    ii.  West's statements about my work indicate to other employees that something is wrong or problematic with my work, or that my work does not meet expectations.

(b) Because of West's retaliatory behavior toward me, I asked John Vitale, Senior Vice President of Human Resources, for a third party to participate in my one-on-one meetings with West; however, Vitale denied my request.

(c) On November 8, 2016, I sent an email to West, copying Vitale, stating that I believe West's treatment toward me is unfair and in retaliation for bringing a Charge of Discrimination against Respondent. Respondent took no corrective action regarding my complaints about Respondent's retaliatory conduct.

(d) On November 17, 2016, per West's request, I prepared and delivered a presentation on one of Respondent's programs to Respondent's Operations Vice Presidents, all of whom are male. When I finished my presentation, West and his manager, Ryan Mooney, Senior Vice President of Operations, criticized and dismissed my work, stating that Respondent should "scrap" the program I had successfully implemented.

(e) On November 30, 2016, I was excluded from the Quarterly Business Review Meeting luncheon, during which members of senior leadership, including Vice Presidents, reviewed their accounts. In the past, I had been invited to and had attended these quarterly meetings, as a Vice President, to discuss my eleven (11) accounts.

    i.  On November 28, 2016, West told me not to attend the upcoming quarterly meeting. West stated that there were "space restraints," so I should not attend. However, there were open seats in the conference room where the meeting was held.

    ii.  One of my colleagues asked me why I did not attend the meeting. I told her that West instructed me not to attend because there was no room. My colleague informed me that there was room for me at the meeting.

(f) On December 2, 2016, I asked West for specific guidance on how to proceed with one of my department's projects, as his continued unresponsiveness slows my department's progress on the project. West did not respond to my requests but then criticized me for my department's delay with the project.

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party

(g) On December 5 and 8, 2016, West was abrasive and hostile toward me in our one-on-one meetings. He took a non-collaborative approach in attempting to work through outstanding issues on my department's projects, and spoke to me as if I hold an entry-level position. West accused me of not completing work that I had already submitted to him for his review, but that he has never acknowledged.

(h) On December 12, 2016, West made false statements about my work performance to Respondent's senior leadership. West stated that I am "off plan," that one of my projects is "off the rails," that I have a misaligned team, and that one of my projects lacks clarity and is not advancing. These statements are untrue.

   i.  When I asked West what specifically was lacking on my projects, he was unable to provide me with feedback or specific examples. Other employees were unable to substantiate West's false statements about my work. My clients are pleased with my progress and the work I am doing on their projects.

(i) On December 12, 2016, West excluded me from a team email regarding one of my projects—an email on which I should have been included because the email was asking for project status details on a project that I lead.

(j) On December 14, 2016, I found out that I was excluded from an account planning meeting where decisions about my accounts were made.

(k) Respondent has not taken action to remedy or prevent the hostile work environment to which I have been subjected because of my sex and my complaints about Respondent's discriminatory conduct.

B.  1.  Respondent's Stated Reasons

   (a) Respondent has not offered any explanation for discriminating against me because of my sex.

   (b) Respondent has not offered any explanation for retaliating against me because of my complaints about Respondent's discriminatory conduct.

C.  1.  Statutes and Basis for Allegations

   I believe that Respondent has discriminated against me and because of my sex (female), and has retaliated against me because of my complaints about Respondent's discriminatory conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq. ("Title VII"); and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA") as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Kathleen Gonzales-Byrd v. Cotiviti**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC   protects your state rights, especially since there may be circumstances in which state and federal laws   and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are   unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be   dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with   your signature under the verification below, will constitute filing with the PHRC. You have chosen   EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept   EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to   file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,   the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is   required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file   your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

_X_  I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X_   *I understand that false statements in this complaint are made subject to the penalties of 18   Pa. C.S. § 4904, relating to unsworn falsification to authorities.*

X   _____ 12-16-16
Signature and Date

____   I do not want my charge dual filed with PHRC

_____
Signature and Date

# EXHIBIT 3

| THIRD CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q   FEPA<br>X   EEOC | |

STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission

| NAME (Indicate Mr., Ms., Mrs.)<br>Kathleen Gonzales-Byrd | HOME TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Downingtown, PA 19335 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Cotiviti | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(610) 825-7180 |
|---|---|---|

| STREET ADDRESS<br>555 E. North Lane, #6020 | CITY, STATE AND ZIP<br>Conshohocken, PA 19428 | COUNTY<br>Montgomery |
|---|---|---|

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>Q Race  Q Color  X Sex  Q Religion  Q National Origin<br>X Retaliation  Q Age  Q Disability  Q Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br><br>Earliest          Latest  02/21/2017 |
|---|---|

**The Particulars Are:**

A.    1    Relevant Work History

I was hired by Respondent (before its merger and current name) on or about October 20, 2014 as Vice President, Audit Operations. I report to Jim West (male), Vice President and General Manager of Operations.

After filing my first EEOC Charge on October 19, 2016, Respondent has retaliated against me because of my complaints about Respondent's sex-based discriminatory conduct. After filing my second EEOC Charge on December 16, 2016, Respondent retaliated against me because of my complaints about Respondent's sex-based discriminatory conduct by placing me on a Performance Improvement Notice ("PIN") on February 1, 2017 and terminating my employment on February 21, 2017.

I have consistently demonstrated excellent performance and dedication to Respondent. By way of example, my 2016 Revenue Budget Performance exceeded the 2016 budget goals and out-performed my peers. Additionally, in quarter three (3) of 2015, I implemented a new hire training program that received great reviews from entire organizations, the trainees, and my superiors. I have received positive feedback from Senior Vice Presidents and Respondent's CEO

| X  I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief |
|---|---|

| I declare under penalty or perjury that the foregoing is true and correct | |
|---|---|
| Date<br><br>Charging Party  (Signature)<br>2-27-17 | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

2.    Harm Summary

I have been discriminated against because of my sex (female) and have been retaliated against because of my complaints about Respondent's discriminatory conduct. Evidence of the discriminatory and retaliatory conduct to which I have been subjected, in addition to that set forth in my previous Charges, includes, but is not limited to, the following:

(a) Since I filed my first EEOC Charge on October 19, 2016, and my second EEOC Charge on December 16, 2016, West has treated me in a more critical and dismissive manner than he treats the non-complaining males who report to him.

(b) I have sent numerous emails to West and John Vitale, Senior Vice President of Human Resources, complaining about the sex-based discrimination I had been experiencing at Respondent and the retaliation I had been experiencing because of my complaints.

(c) Respondent took no corrective action regarding my complaints about Respondent's discriminatory and retaliatory conduct.

(d) On January 4, 2017, Steve Palma (male), Senior Vice President, yelled at me during a group meeting with Vice Presidents and Senior Vice Presidents. West remained silent when Palma yelled at me, even though West knew the work I had done. West then unjustly criticized me for being "unprofessional." When I complained of discrimination and retaliation, Vitale sided with and credited West without asking for my perspective.

(e) On January 6, 2017, West withheld from me important client information that is necessary for me to do my job.

(f) On January 6, 2017, Vitale informed me that I was to meet with Lisa Craig (female), Human Resources Director, and West to assist in "rebuilding" my relationship with West.

(g) On January 23, 2017, after I sent out a congratulatory email to my leadership team for strong 2016 revenue performance, West sent me an email stating that I was "disconnected" from my clients. West held me to a different and stricter standard than that to which he holds his male and non-complaining direct reports.

(h) On January 25, 2017, I met with Craig and West. The meeting focused solely on my performance. My performance was criticized and characterized as inadequate. I received a "meets some" performance rating. When I began objecting to this inaccurate characterization and rating of my performance, West shut down any attempted response from me. Craig did not serve as a neutral party during this meeting, as she had previously informed me she would be. At the end of the meeting, I was informed that I would be placed on a PIN.

(i) The January 25, 2017 meeting was the first time that West communicated to me that he had concerns about my 2016 performance. In his inaccurate review of my performance, West did not acknowledge that I exceeded my revenue performance budget at 130%, and achieved multiple client management results. I outperformed my peers at Respondent nationwide in 2016. My performance review was inaccurate and incomplete.

EEOC Charge of Discrimination
Page 3 of 4
Initials of Charging Party

(j)  Instead of acknowledging my revenue results successes, which are reflected in Respondent's official Finance Department records, West accused me on February 1, 2017 of exaggerating my revenue results.

(k)  On February 1, 2017, Craig called for an immediate meeting, requesting that I meet with her within ten (10) minutes from the time she called me. She ordered that I meet with her and West, which I did. We met for ninety (90) minutes.

(l)  During the February 1, 2017 meeting, Respondent placed me on a PIN, dated January 31, 2017. West reviewed the PIN with me, which contained vague and inaccurate statements about my performance. When I asked for clarification, West was hostile toward me, and refused to provide me with specifics.

(m)  On February 2, 2017 West excluded me from a department photo.

(n)  On February 10, 2017, I had my first PIN review meeting via conference call with West and Craig. I had complied with the PIN requirements, and submitted the requested assignments to West. None of the assignments met with West's approval. West repeatedly changes his expectations and the requirements for the assignments. West treated me in a hostile manner, prevented me from responding to his criticisms or asking questions, and did not allow me to engage in a dialogue with him.

(o)  West imposed upon me different, and stricter, expectations than he imposed upon my peer, Rick McLaughlin (male), Vice President, who also reports to West. West had assigned McLaughlin and me to each complete and submit to West a particular project plan. I sent West approximately six (6) revisions of my project plan. West disapproved of each revision I submitted to him, but was unwilling to discuss what specifics needed to change for the project plan to meet with his approval. West consistently praised McLaughlin for his work on the project plan. On February 14, 2017, however, McLaughlin indicated to me that he had not developed a plan. I complained to West via email, and copied Craig, stating that West was holding McLaughlin and me to different standards. I received no response.

(p)  On February 17, 2017, I had my second PIN review meeting via conference call with West and Craig. I reiterated in this meeting, as I had done previously via email, that this PIN and the criticisms of my performance was in retaliation for my complaints about discrimination and my filing Charges with the EEOC. In this meeting West again stated that none of my submitted assignments were acceptable. Craig confirmed that none of the assignments fully met expectations. When I asked "isn't that what you want?," Craig responded that she did not know how to answer that question. West was hostile and defensive throughout the meeting, and did not answer my questions. Craig spoke minimally, and sided with West throughout the meeting.

(q)  On February 21, 2017, Teddie Gwynn, Director of Human Resources, came to my office with Craig on speaker phone.

(r)  Gwynn stated that Respondent knows that I am "not happy" at Respondent, and that Respondent knows that I am "not willing to do what needs to be done to make this work," so Respondent is terminating my employment. I informed Gwynn that her statement that I am not willing to do what needs to be done is inaccurate. Gwynn then walked me out to the building while my coworkers observed.

(s)  I was terminated on the spot, effective immediately.



EEOC Charge of Discrimination
Page 4 of 4
Initials of Charging Party 

(t)   I was the only employee terminated on February 21, 2017.

(u)   Respondent did not provide any explanation, including the selection criteria, as to why I was terminated while the male and/or non-complaining comparators were retained

(v)   Respondent is assigning my duties to McLaughlin

(w)   Respondent has not taken action to remedy or prevent the hostile work environment to which I have been subjected because of my sex and my complaints about Respondent's discriminatory conduct.  Instead, Respondent terminated my employment

B   1.   Respondent's Stated Reasons

(a)   Respondent has not offered any explanation for discriminating against me because of my sex

(b)   Respondent has not offered any explanation for retaliating against me because of my complaints about Respondent's discriminatory conduct.

(c)   Respondent has not offered any explanation for failing to take any corrective action to remedy or prevent the discrimination and retaliation against me

(d)   Respondent's stated reason for terminating my employment, that I was not happy at Respondent and that I am not willing to do what needs to be done to make this work, is pretext for unlawful discrimination and retaliation and a statement made because of my complaints about Respondent's discriminatory conduct.

C   1   Statutes and Basis for Allegations

I believe that Respondent has discriminated against me and because of my sex (female), and has retaliated against me because of my complaints about Respondent's discriminatory conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq. ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA") as set forth herein

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Kathleen Gonzales-Byrd v. Cotiviti**

EEOC No.

You have the right to file this charge of discrimination with the Pennsylvania Human Relations
Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with
PHRC   protects your state rights, especially since there may be circumstances in which state
and federal laws   and procedures vary in a manner which would affect the outcome of your
case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe
are   unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it
will be   dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge,
with   your signature under the verification below, will constitute filing with the PHRC. You
have chosen   EEOC to investigate your complaint, so PHRC will not investigate it and, in most
cases, will accept   EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding,
you will have the chance to   file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory
agency,   the Respondent will not be required to file an answer with PHRC, and no other action
with PHRC is   required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the
right to file   your complaint in state court. PHRC will inform you of these rights and
obligations at that time.

**[Sign and date appropriate request below]**

  X   I want my charge filed with PHRC. I hereby incorporate this form and the verification
below into the attached EEOC complaint form and file it as my PHRC complaint. I request
EEOC to transmit it to PHRC.

  X   *I understand that false statements in this complaint are made subject to the penalties of
18   Pa. C.S. § 4904, relating to unsworn falsification to authorities.*

                        X _____   2-27-17
                             Signature and Date

_____   I do not want my charge dual filed with PHRC

                        _____
                             Signature and Date

# EXHIBIT 4

EEOC Form 161 (11/16)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   Kathleen Gonzales-Byrd

        ▮▮▮▮▮▮▮▮▮
        Downingtown, PA 19335

From:   Philadelphia District Office
          801 Market Street
          Suite 1300
          Philadelphia, PA 19107

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-01760 | Legal Unit, Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:   Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.   This does not certify that the respondent is in compliance with the statutes.   No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.   Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.   (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.   This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
District Director

8/30/17
(Date Mailed)

Enclosures(s)

cc:   COTIVITI USA LLC
        Emily DeSmedt, Associate (for Respondent)
        Emily Derstine Friesen, Esq. (for Charging Party)

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Kathleen Gonzales-Byrd**

**Downingtown, PA 19335**

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2017-01328** | **Legal Unit,** **Legal Technician** | **(215) 440-2828** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**District Director**

8/30/17

*(Date Mailed)*

cc:    **COTIVITI USA LLC**
**Emily DeSmedt, Associate (for Respondent)**
**Emily R. Derstine Friesen, Esq. (for Charging Party)**

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Kathleen Gonzales-Byrd

Downingtown, PA 19335

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00369 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

X The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

12/29/2016
(Date Mailed)

Enclosures(s)

cc:
Doug Williams
CEO
COTIVITI
The South Terraces
115 Perimeter Center Place, Suite 700
Atlanta, GA 30346

Stephen Console
CONSOLE LAW OFFICES
1525 Locust Street
9th Floor
Philadelphia, PA 19102